CARTWRIGHT v. GRAND TRUNK WESTERN RAILROAD.

1. RAILROADS—AUTOMOBILES—CROSSINGS.

A motorist approaching a railroad crossing must use due care, and, if necessary, must stop, look, and listen for oncoming trains.

2. SAME—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE—QUESTIONS OF FACT.

In motorist's action against railroad company for damages arising out of a collision at a street crossing at 4:40 a. m. on a foggy morning, questions of whether plaintiff used due care and whether proper warning was given of the approach of the train in crossing the street *held*, questions of fact properly submitted to jury under instructions given.

3. APPEAL AND ERROR—VERDICTS—CLEAR WEIGHT OF EVIDENCE.

Supreme Court will not disturb finding of the jury unless it is against the clear weight of the evidence.

4. TRIAL—WITHDRAWAL OF CERTAIN INSTRUCTIONS AS TO TESTIMONY.

In motorist's action for damages arising out of accident at railroad crossing where defendants produced positive testimony that the train had been stopped, the bell rung, and that the brakeman flagged the crossing; and plaintiff testified he did not see brakeman, listened for, but did not hear bell ring, and that from speed of train it was impossible to have stopped it when defendant's employees say it did stop, trial court's withdrawal of instruction that there was no testimony disputing defendant's positive testimony and presenting such facts for consideration by jury *held*, sufficient to correct any wrong impression jury might have had.

5. SAME—INSTRUCTIONS.

Instructions which were correct and necessary in order to give jury a clear understanding of their duty in deciding the issues *held*, not subject to claim that they were argumentative and repetitious.

6. APPEAL AND ERROR—RECORD.

Since the Supreme Court must accept record as it finds it, one who claims the record is incorrect must institute proper proceedings for certification of the correct record.

Appeal from Kent; Brown (William B.), J. Submitted January 13, 1939. (Docket No. 77, Calendar No. 40,240.) Decided March 10, 1939.

Case by Henry Cartwright against Grand Trunk Western Railroad and Grand Trunk Railway System for damages for personal injuries sustained in a collision between an automobile and a train. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Lawrence D. Beukema,* for plaintiff.

*H. V. Spike* and *Travis, Merrick & Johnson,* for defendants.

SHARPE, J. This case involves an action for damages arising out of a collision on December 15, 1936, between an automobile driven by plaintiff and a train owned and operated by defendants. The accident occurred at approximately 4:40 a.m., while plaintiff was driving east on west Leonard street bridge in the city of Grand Rapids.

The railroad tracks of defendants are located at the east end of the bridge and run in a north and south direction. At the time when the collision occurred, the train was backing in a northerly direction across Leonard street, and consisted of a pullman coach, a day coach, a mail coach, a baggage coach, a tender, and engine.

Plaintiff claims that there was a dense fog over the bridge; that it limited visibility to about 100

feet; that when he came within 20 to 25 feet of the railroad tracks, he noticed for the first time a train backing across the sidewalk on the south side of the bridge at a rate of speed of 15 miles per hour; that the train did not stop before crossing the street, nor did a member of the train crew guard the crossing as was required by an order of the public utilities commission; that when he saw the train he slammed on the brakes and attempted to turn north to go parallel with the train and in the same direction the train was moving in an attempt to avert a collision; that his automobile, instead of turning north, turned to the south and skidded on a slippery spot and struck the center of the pullman coach; that his automobile was pushed across the street and came to a stop 10 or 15 feet north of the sidewalk; and that as a result of the collision plaintiff was thrown out of his car and down upon the river ice below and suffered severe injuries.

It is the claim of the defendant companies that its train stopped 10 feet south of the street crossing; that a brakeman got off the train and waived a red and a white lantern in the center of the street on the west side of the tracks to warn street traffic; that the train proceeded to cross the street at the rate of from 4 to 5 miles per hour; that plaintiff's car skidded into the train; that the emergency brake of the train was applied; that the train took 20 to 25 feet in which to stop; that the north end of the train was approximately 20 to 25 feet over the crossing when it stopped after the collision and that the bell on the engine was ringing all the time until after the accident.

Before the cause was submitted to the jury for its deliberation, the trial court instructed the jury as follows:

"The testimony that conductor Chrouch stood on the rear platform and caused the train to stop before entering upon the crossing at Leonard street is not disputed by other witnesses or that he sounded the whistle is not disputed; or that the brakeman got off the north end of the north car of the train after it stopped at the south side of Leonard street with a lantern in one hand—a red lantern in one hand and a white one in the other—and went to the center of Leonard street and swung the red lantern north and south across Leonard street, and thereafter boarded the train as the train was moving north. There is no testimony disputing those statements. There is no testimony disputing the fact that the plaintiff struck the west side of the coach after the brakeman boarded the train. As I remember the testimony on these subjects, the plaintiff said he didn't see different things that the defendant said did take place.
\* \* \*

"On reflection, I have stated that there is no dispute in regard to some of these questions involved in this case, such as whether or not the brakeman was out in the street and gave the signal and got onto the train as it was backing up. As I understand the plaintiff's testimony, all he said was that he didn't see. The facts and circumstances of the case are all to be taken into consideration in support of the testimony of any witness, either in support of it or in detracting from it, and I think I will withdraw from your consideration the statement that there was no dispute about these facts that I have enumerated, and will leave it to you to determine as to those facts. Mr. Chrouch says he was on the rear end of the train. I haven't in mind any witness that testified he was not there, and the same with those other witnesses, but I will leave it to you to determine those questions from the circumstances of the case, and will withdraw the statement that they are not disputed. It may be the claim of the plaintiff that

the circumstances dispute these claims of the defendant, so I will withdraw the statement as to this non-disputed testimony and say those points will be submitted for your determination, taking into consideration all the facts and circumstances of the case, as well as the testimony. I think that covers all the points in this case. You will take this case * * *

"I will also withdraw the statement that I made about a whistle, having in mind a bell. There is some testimony that the bell was rung all the while until after the accident. There is no testimony in the case that the bell was not rung, and there is some testimony that it was. It will be for you to determine from the testimony whether or not the bell was rung, if you determine that element has any bearing upon the case."

The jury found in favor of defendants. Plaintiff appeals and contends that the verdict of the jury was against the clear weight of the evidence; that the attempted withdrawal of certain instructions given to the jury did not correct the prejudicial error; that the trial court's charge was argumentative and in favor of defendant companies; that the trial court's charge was unduly repetitious in favor of defendant companies; and that the trial court altered the transcript of the charge after the jury's verdict.

It is well-established law in this State that a motorist approaching a railroad crossing must use due care, and, if necessary, must stop, look, and listen for oncoming trains. See Lockett v. Railroad Co., 272 Mich. 219. The question of whether plaintiff used due care and whether defendant companies gave the proper warning of the approach of its train in crossing the street are questions of fact that were properly submitted to the jury under the instructions of the trial court. We have examined the rec-

ord and cannot say that the finding of the jury is against the clear weight of the evidence. *Murner* v. *Thorpe,* 284 Mich. 331.

The withdrawal of certain instructions upon the part of the trial court was not prejudicial error. When the cause was being tried the defendant companies introduced positive testimony that the train was stopped; that the bell was rung; and that the brakeman flagged the crossing. As against this testimony, plaintiff testified that he did not see the brakeman; listened for, but did not hear the bell ring; and claims that from the speed of the train it was impossible to have stopped the train when defendants' employees say it did stop. The facts in this case are nearly identical with the facts in *Hart* v. *Railroad Co.,* 278 Mich. 343. Under the facts in this case and those applicable in the *Hart Case, supra,* the trial court may have been temporarily misled in giving the quoted instructions, but in our opinion the correction later given was of such a nature as to correct any wrong impression that the jury might have had.

It is next contended that the trial court was argumentative and repetitious in his instructions to the jury and cite *Wheeler* v. *Wallace,* 53 Mich. 355, as authority for reversal. We have carefully examined the alleged repetitious instructions and find them applicable to the facts involved in this cause. Plaintiff does not cite any instruction given as not being the law. In our opinion the instructions given were correct and necessary in order that the jury might have a clear understanding of their duty in deciding the issues. The facts in this cause do not fall within the *Wheeler Case, supra.*

Nor do we find any merit in plaintiff's claim that there was any alteration in the charge given by the

trial court. The settled record contains an affidavit by the court reporter that the transcript of the record was altered at the suggestion of the trial judge. If the record before us is not the correct record, it was the duty of the complaining party to institute proper proceedings for certification of the correct record. We must accept the record as we find it. It is much more probable that the court reporter inadvertently failed to take down every word as given by the trial court than that the record was deliberately altered.

The judgment of the trial court is affirmed, with costs to defendants.

Butzel, C. J. and Wiest, Bushnell, Potter, Chandler, and McAllister, JJ., concurred. North, J., took no part in this decision.