RUDDOCK v LODISE

Docket No. 67018. Decided June 14, 1982. On application by the plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the circuit court and remanded the case for a new trial. Rehearing denied 414 Mich 1101.

Roger L. Ruddock and others brought an action against James J. Lodise for negligence in the operation of his automobile, which collided with Ruddock's motorcycle, and against the Jackson County Board of Road Commissioners for failure to maintain the road on which Ruddock was injured. The Jackson Circuit Court, Russell E. Noble, J., excluded from evidence expert testimony, offered by the plaintiffs, that the accident would not have occurred if a no-passing zone had been adequately marked on the road. The jury returned a verdict of no cause of action against the defendant road commission. The Court of Appeals, Danhof, C.J., and R. M. Maher and Beasley, JJ., affirmed in an unpublished opinion per curiam (Docket No. 48659). The plaintiffs apply for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The exclusion of the deposition testimony of one of the plaintiffs' experts was clearly erroneous. Expert testimony in the form of an opinion or inference is admissible even though it embraces an ultimate issue to be decided by the trier of fact.

1. The expert's testimony shed light on the manner in which a person might perceive the situation as it existed on the road at the time of the accident. While the jury could draw its own conclusions relative to the safety of the road on the basis of other evidence in the case, it still could have been aided by the expert testimony.

2. The trial court erred in refusing to admit the expert testimony on the ground that it would invade the province of the jury because it embraced an ultimate issue to be decided by the jury. The Rules of Evidence specifically permit admission of such testimony. The Court of Appeals correctly observed that

the trial court's conclusion was error, but itself erred in concluding that the testimony would not have aided the jury.

Reversed and remanded.

*Kenneth E. Prather, P.C.,* for plaintiffs.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson),* for Jackson County Road Commissioners.

PER CURIAM. The trial court in this case excluded the deposition testimony of one of plaintiffs' expert witnesses. We conclude that the exclusion of this testimony was clearly erroneous and warrants a reversal and a remand for new trial.

I

Plaintiff Roger Ruddock was injured when his motorcycle collided with an automobile being driven by defendant James T. Lodise. The accident allegedly occurred when the defendant, in an attempt to pass other traffic in his lane, pulled into the lane of oncoming traffic, striking the motorcycle on which Mr. Ruddock was riding. The accident allegedly occurred in a no-passing zone which was marked with signs on each side of the road and which ordinarily would have been marked with a solid yellow stripe in the center of the road. There was evidence, however, that on the day of the accident, August 8, 1977, the solid yellow stripe was not present because the road had recently been resurfaced and the stripe had not yet been repainted.

The plaintiffs filed suit against defendant Lodise, claiming that Lodise was negligent in the operation of his automobile. Plaintiffs also sued defen-

dant Board of County Road Commissioners of the County of Jackson, alleging that the road commission failed to maintain the road in a reasonably safe condition. The jury returned a verdict of no cause of action against the road commission but awarded damages against Lodise. The plaintiffs accepted the insurance policy limits in settlement of the judgment against defendant Lodise. However, plaintiffs appealed the judgment in favor of defendant board of county road commissioners.

The Court of Appeals, in an unpublished per curiam opinion, affirmed.

## II

At trial, the plaintiffs wished to present the deposition testimony of Dr. Paul Olson, at that time an employee of the Highway Safety Research Institute. In response to a question from counsel, Dr. Olson indicated that the particular section of the roadway involved in this case was not maintained in a way that would allow safe use by individuals in automobiles. His conclusion was premised on the existence of only no-passing signs, the location of the no-passing zone directly east of a curve ("so that by the time a person exits from that curve and heads toward the no-passing zone there is a relatively limited distance in which an individual can determine that there is another no-passing zone ahead"), and the difference of this particular no-passing zone and the one that preceded it to the east (which was the direction Lodise was coming from). An additional reason for his conclusion focused on the "poor conspicuity" of the no-passing sign. The failure to have some additional warning at that sign, preferably lines, made the no-passing zone relatively unsafe.

"From a human factors engineering standpoint" the witness opined that the sign involved here was "sufficiently inconspicuous that I would not be at all surprised that more conspicuous signs are missed, not seen or at least not reacted to every day. This fact, * * * that signs are often not seen or reacted to is reflected in traffic engineering standards which call for more than one warning of critical situations—such as passing zones". Olson opined the ultimate question that the collision was brought about by Lodise's failure to properly identify a no-passing zone which was inadequately marked. The collision would not have occurred had the road been properly marked.

The trial court refused to admit the deposition testimony of Dr. Olson. The trial court's rationale for excluding the proffered evidence was that it would usurp the function of the jury. The court reasoned:

"It seems to me [sic] would invade the province of the jury to the extent that if they believed Mr. Olson, there is only one way they could go, and that would be to hold against the defendant road commission. I think he's going too far, and I think all of this can be done to [sic] the jury on the basis of the same evidence or admissible part of the evidence that was considered by Mr. Olson without invading their duty and province to determine what Mr. Lodise should have perceived and what he should have done as he proceeded on old Michigan Avenue."

In affirming, the Court of Appeals concluded:

"The trial judge's finding that the expert testimony would invade the province of the jury was not, by itself, a sufficient reason for excluding the testimony because MRE 704 permits expert testimony embracing an ulti-

mate issue to be decided by the trier of fact. However, it was apparent that the judge did not think the testimony would aid the jury, which was perfectly capable of determining the visibility of the signs based on the evidence. We agree with this reasoning and find that there was no abuse of discretion. MRE 702 does not mandate the admission of expert testimony which the court determines not to be of assistance to the jury and under part 3 of the *O'Dowd [v Linehan,* 385 Mich 491; 189 NW2d 333 (1971)] test, the jury in the present case was equally capable of determining the visibility issue."

### III

MRE 702 provides:

"If the court determines that recognized scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

In addition, MRE 704 states:

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

In the instant case the Court of Appeals recognized that the trial court had erred in premising its rejection of the proffered expert testimony on its conclusion that the testimony embraced the ultimate issue to be decided by the jury. However, the Court of Appeals also found that the trial court had concluded that the testimony was unnecessary in that it would not aid the jury in deter-

mining the liability of the road commission since the jury could draw its own conclusion on that score on the basis of the other evidence in the case.

The Court of Appeals correctly observed that the trial court's conclusion that the testimony would not be received because it touched on the ultimate issue in the case was error. See MRE 704. However, we find that the Court of Appeals, and the trial court, erred in ruling that the testimony was nevertheless inadmissible because it would not aid the jury.

Dr. Olson's testimony, based on his claimed expertise, shed light on the manner in which a person might perceive the situation as it existed on the road at the time of the accident. While it certainly is true that the jury could draw its own conclusions on the safety of the road based on the other evidence in the case, such a conclusion does not mean that the jury would not have been aided by the testimony of Dr. Olson. We are convinced that Dr. Olson's testimony, if admitted, would have aided the jury in determining whether the county road commission had failed to keep the road in reasonably safe condition. It was reversible error to exclude this testimony.

In light of our resolution of this issue we do not address the other issues raised on appeal by plaintiffs.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and of the Jackson Circuit Court and we remand the case to the Jackson Circuit Court for a new trial.

Costs to plaintiffs.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.