THON v SAGINAW PAINT MANUFACTURING COMPANY

Docket No. 55263. Submitted August 5, 1982, at Lansing.—Decided November 2, 1982.

Howard Thon, an employee of Faulkner Construction Company at a time when Faulkner was engaged in a renovation project for Dow Corning Corporation, was injured when he inhaled fumes while mixing paint used in the project. The paint was manufactured by Saginaw Paint Manufacturing Company. Thon and his wife, Dorothy, filed suit against Saginaw Paint and Dow Corning in Saginaw Circuit Court alleging negligence and breach of warranty against Saginaw Paint and negligence against Dow Corning. The jury returned a verdict of no cause of action in favor of defendants and the court, Fred J. Borchard, J., denied plaintiffs' motion for a new trial. Plaintiffs appeal. *Held:*

1. The trial court did not err by instructing the jury that it could consider Mr. Thon's comparative negligence in determining liability. The defense of comparative negligence applies in cases where the claimed negligence relates to the defendant's failure to provide adequate safety devices in the workplace.

2. Plaintiff's contention that the jury instructions on comparative negligence were unduly repetitive is without merit. The instructions given were necessary to give the jury a clear understanding of their duty in deciding the issues presented.

3. Plaintiffs' contention that the comparative negligence instructions were not modeled after the style of the Standard Jury Instructions, as required by the general court rules, is without merit.

4. The trial court did not err by refusing to rule, as a matter

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d New Topic Service, Comparative Negligence § 29.

[2] 62 Am Jur 2d, Premises Liability §§ 14, 15.

[3] 62 Am Jur 2d, Premises Liability § 12.

[4] 62 Am Jur 2d, Premises Liability §§ 82, 83.

Duty of a possessor of land to warn adult licensees of danger. 55 ALR2d 525.

[5, 6] 31 Am Jur 2d, Expert and Opinion Evidence § 22.

of law, that Dow exercised a sufficient degree of control over Faulkner so that liability could be imposed on Dow.

5. The trial court was correct in refusing plaintiffs' request that, because their expert witness testified that the work Mr. Thon was performing was inherently dangerous and because that testimony was uncontroverted, the court should direct a verdict in favor of plaintiffs. The testimony of the expert witness embraced the ultimate issue to be decided and a trier of fact is not bound by an expert witness's testimony on an ultimate issue.

Affirmed.

1. NEGLIGENCE — SAFETY DEVICES — COMPARATIVE NEGLIGENCE.

The defense of comparative negligence applies in cases where the claimed negligence relates to the defendant's failure to provide adequate safety devices in the workplace.

2. MASTER AND SERVANT — INJURIES TO EMPLOYEES — PROPERTY OWNERS.

An owner of land cannot be held liable for injuries to employees of a contractor to whom he has delegated the task of performing work on the property unless the owner retains control of the manner in which the work is performed, or unless the activity constitutes a nondelegable duty.

3. AGENCY — PROPERTY OWNERS — CONTRACTORS — QUESTION OF FACT.

The issue of whether a property owner has retained control over the manner in which a contractor is to perform work sufficient to give rise to an agency relationship is primarily a question of fact; this is so even where a written agreement defining the relationship which exists between the parties has been entered into.

4. NEGLIGENCE — INHERENTLY DANGEROUS — QUESTION OF FACT.

The term "inherently dangerous" means that type of danger which inheres in the instrumentality or condition itself at all times, thereby requiring special precautions to be taken with respect to it to prevent injury; whether an activity is inherently dangerous is a question of fact to be determined by the trier of fact.

5. WITNESSES — EXPERT WITNESSES — ULTIMATE ISSUES.

The testimony of an expert witness is not objectionable merely because it embraces an ultimate issue (MRE 704).

6. JURY — EXPERT WITNESSES — ULTIMATE ISSUES.
    A jury is not bound by testimony given by an expert witness
    where the testimony embraces an ultimate issue.

*Philo, Atkinson, Darling, Steinberg, Harper & Edwards* (by *Stanley L. White),* for plaintiff.

*Smith & Brooker, P.C.* (by *Michael J. Huffman),* for Saginaw Paint Manufacturing Company.

*Hoffmann & Martin* (by *William C. Hoffmann),* for Dow Corning Corporation.

Before: DANHOF, C.J., and J. H. GILLIS and M. R. KNOBLOCK,* JJ.

DANHOF, C.J. Plaintiffs appeal as of right from a judgment of no cause of action in favor of defendants following a jury trial and from the trial court's denial of their motion for a new trial.

Plaintiff Howard Thon was employed by Faulkner Construction Company in late 1973, during which time Faulkner was engaged in a renovation project for defendant Dow Corning Corporation. Plaintiffs alleged that while Mr. Thon was performing work at the Dow plant, he was injured when he inhaled fumes while mixing paint which was used in the project. The paint was manufactured by defendant Saginaw Paint Manufacturing Company. Plaintiffs' complaint alleged negligence against Dow and negligence and breach of warranty against Saginaw.

Plaintiffs first complain that the trial court reversibly erred by instructing the jury that it could consider Mr. Thon's comparative negligence in determining liability. In support of that position, plaintiffs rely on the Supreme Court's decisions in *Funk v General Motors Corp,* 392 Mich 91; 220

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 641 (1974), and *Tulkku v Mackworth Rees Div of Avis Industries, Inc,* 406 Mich 615; 281 NW2d 291 (1979). In those cases, the Court held that the defense of contributory negligence does not apply where the claimed negligence relates to defendant's failure to provide adequate safety devices in the workplace. However, after the briefs were filed and after oral argument was heard, the Supreme Court announced its decision in *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29; 323 NW2d 270 (1982). In *Hardy, supra,* the Supreme Court ruled that the defense of comparative negligence is available in those cases in which *Funk* and *Tulkku* formerly prohibited the defense of contributory negligence. Therefore, plaintiffs' claim must be rejected.

Plaintiffs next complain that the instructions on comparative negligence were unduly repetitive. We find this claim to be without merit. Although we agree that error may result where the instructions to the jury are unnecessarily repetitive and argumentative, *Mack v Precast Industries, Inc,* 369 Mich 439; 120 NW2d 225 (1963), in view of the complexity of the issues involved and the fact that there was more than one defendant, we find that the instructions given in this case were necessary to give the jury a clear understanding of their duty in deciding the issues presented. *Cartwright v Grand Trunk Western R Co,* 288 Mich 316, 321; 284 NW 727 (1939).

Plaintiffs also complain that the comparative negligence instructions were not modeled after the style of the Standard Jury Instructions as required by GCR 1963, 516.6(4). This claim is also meritless. At the time the trial took place in this matter, no Standard Jury Instruction had been adopted con-

cerning comparative negligence. The instruction given by the trial court informed the jury that it was their duty to determine whether Mr. Thon failed to exercise the care which a reasonably prudent person would have exercised under the circumstances and, if so, whether his acts or omissions were a proximate cause of his injuries. The court also stated that a finding of negligence on the part of Mr. Thon did not bar plaintiffs' recovery. Finally, the court instructed the jury that, if they found that Mr. Thon was negligent, they were to determine the percentage of negligence attributable to Mr. Thon and to reduce recovery by that percentage. In our opinion, these instructions were in the style of the Standard Jury Instructions and were not argumentative. See SJI 10.02, 11.01.

Plaintiffs next complain that the trial court erred by refusing to rule, as a matter of law, that Dow exercised a sufficient degree of control over Faulkner so that liability could be imposed. We disagree. It is well established that an owner of land cannot be held liable for injuries to employees of a contractor to whom he has delegated the task of performing work on the property unless the owner retains control of the manner in which the work is performed, or unless the activity constitutes a nondelegable duty. *Funk v General Motors Corp, supra,* p 101; *Warren v McLouth Steel Corp,* 111 Mich App 496, 502; 314 NW2d 666 (1981). The issue of whether the owner has retained sufficient control so that an agency relationship can be said to exist is primarily a question of fact. *Warren, supra; Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721, 732; 315 NW2d 186 (1981). This is so even where a written agreement has been entered into which defines the relation-

ship which exists between the parties. *Caldwell, supra.*

In the present case, the agreement entered into between the parties placed a sufficient degree of control on Dow so that a prima facie case of negligence on the part of Dow was established. However, since the agreement did not place responsibility on Dow to control the day-to-day operations of Faulkner, and since other evidence was presented on this issue which raised a question of fact concerning the degree of control which Dow exercised, the trial court was correct in submitting this issue to the jury.

Plaintiffs finally contend that the activity in which Mr. Thon was engaged was inherently dangerous and that, therefore, it constituted a nondelegable duty. They contend that because their expert testified that the work was inherently dangerous, and because that testimony was uncontroverted, the trial court erred in refusing to direct a verdict in favor of plaintiffs on that issue.

In *Brown v Unit Products Corp*, 105 Mich App 141, 150; 306 NW2d 425 (1981), the Court quoted from *Dowell v General Telephone Co of Michigan*, 85 Mich App 84, 91; 270 NW2d 711 (1978), in ruling:

" 'According to 65 CJS, Negligence, § 66, p 944, fn 35.25: "The term 'inherently dangerous' means that type of danger which inheres in the instrumentality or condition itself at all times, thereby requiring special precautions to be taken with respect to it to prevent injury".

" 'Where the activity being analyzed is "inherently dangerous" is thus a question of fact to be determined by the jury.' "

In the present case, Dr. Floyd Van Atta, plain-

tiffs' expert, testified that it was his opinion that the activity in which Mr. Thon was engaged "could be" classified as an inherently dangerous activity. Plaintiffs correctly point out that defendants' expert did not testify that the activity was not inherently dangerous. However, Dr. Van Atta's testimony was based upon a hypothetical set of circumstances posed by plaintiffs' attorney. Although the facts which served as the basis for the hypothetical question did have factual support in the form of testimony of other witnesses, that testimony was disputed. Furthermore, the testimony of Dr. Van Atta embraced the ultimate issue which was to be decided. Although the testimony of an expert is not objectionable merely because it embraces an ultimate issue, MRE 704, the jury is not bound by that testimony. See, *e.g., Ruddock v Lodise,* 413 Mich 499, 504; 320 NW2d 663 (1982).

Therefore, it was for the jury to resolve the underlying factual dispute, and the trial court was correct in refusing plaintiffs' request.

Affirmed. Costs to defendants.