James D. DONOVAN and Linda M. Donovan, Appellants,

v.

GENERAL MOTORS, a Delaware corporation, Appellee.

No. 84–1701.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided May 21, 1985.

Rehearing Denied June 21, 1985.

624 (8th Cir.), *cert. denied sub nom, Cyrts v. French,* —— U.S. ——, 105 S.Ct. 247, 83 L.Ed.2d

185 (1984).

Ronald Gladney, Clayton, Mo., for appellant.

Richard E. Schwartz, St. Louis, Mo., for amicus.

Ben Ely, Jr., St. Louis, Mo., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HANSON,[*] Senior District Judge.

HANSON, Senior District Judge.

This is a diversity case under Missouri law in which the employee of an independent contractor seeks to recover for injuries sustained on the job from the owner of the premises who contracted with the independent contractor. Plaintiffs below appeal from a grant of partial summary judgment for defendant and a judgment for defendant on a jury verdict. We reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

General Motors Corporation (GM) contracted with J.S. Alberici Construction Company, an independent contractor, for the construction of an addition to GM's plant on GM's premises. James Donovan was an employee of Alberici. Donovan was working on the unfinished roof of the addition when a plywood panel gave way under him and he fell approximately 28 feet.

Donovan and his wife brought this action against GM for Donovan's injuries from the fall and his wife's loss of consortium. Plaintiffs claimed that GM was liable under the "inherent danger" doctrine and various other doctrines. The district court granted summary judgment for GM on the inherent danger doctrine on the ground that ordinary construction work is not inherently dangerous. 584 F.Supp. 324 (1984). Plaintiffs' remaining case was submitted to the jury under the "safe workplace" doctrine.

---

[*] The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

The jury found for GM. Plaintiffs' motion for a new trial was denied, and the court entered judgment for GM.

## DISCUSSION

*Summary judgment on inherent danger.*

The inherent danger doctrine is an exception to the general rule that one contracting with an independent contractor is not liable for the contractor's negligence. Under the inherent danger doctrine, one contracting with an independent contractor is liable for the contractor's negligence if the work contracted is inherently dangerous. *Smith v. Inter-County Telephone Co.*, 559 S.W.2d 518, 521 (Mo.1977) (en banc).

The most recent Missouri case defines inherently dangerous activity as "that which necessarily presents a substantial risk of damage unless adequate precautions are taken." *Smith*, 559 S.W.2d at 523.

The district court granted the summary judgment for GM on the inherent danger doctrine on the ground that "ordinary construction work" is not inherently dangerous. This was painting with too broad a brush. The Missouri inherent danger cases do not look to general categories of work but to the specific work involved in the case. For example, in *Barkley v. Mitchell*, 411 S.W.2d 817, 826 (Mo.Ct.App.1967), the Missouri Court of Appeals suggested, in remanding the case, that the electrical work involved in an ordinary construction job could be inherently dangerous. *See also Salmon v. Kansas City*, 145 S.W. 16, 23 (Mo.1912) (recognizing that "[i]t is said that blasting is intrinsically dangerous," but concluding that "[t]he drilling of a hole for a charge of dynamite is certainly not an inherently dangerous task."); *Mackey v. Campbell Construction Co.*, 101 Cal. App.3d 774, 162 Cal.Rptr. 64, 69–70 (1980) ("the question was not whether trenching work involved a peculiar risk in the abstract, but whether the particular trenching work at the particular time in question involved a peculiar risk of injury.")

Further, the question of whether particular work is inherently dangerous is generally a question of fact for the jury. *Smith* was a trenching case in which the trial court failed to submit the inherent danger doctrine to the jury. The Missouri Supreme Court had before it all the facts concerning the nature of the work, and these facts were apparently undisputed. However, the Missouri Supreme Court did not decide whether the work was inherently dangerous or not. Rather, the court held that the evidence was sufficient to present a jury question on inherent danger and ordered the case submitted to a jury with an appropriate instruction defining "inherently dangerous." 559 S.W.2d at 524, 525 n. 2. *See also Schultz & Lindsay Construction Co. v. Erickson*, 352 F.2d 425, 436 (8th Cir.1965) (applying North Dakota law); *Mackey*, 162 Cal.Rptr. 64, 69; *Western Stock Center, Inc. v. Sevit, Inc.*, 195 Colo. 372, 578 P.2d 1045, 1050 (1978) (en banc); *Washington Suburban Sanitary Commission v. Grady Development Corp.*, 37 Md.App. 303, 377 A.2d 557, 565 (1977); *Vertentes v. Barletta Co., Inc.*, 16 Mass.App. 463, 452 N.E.2d 271, 273 n. 4 (1983); *Thon v. Saginaw Paint Manufacturing Co.*, 120 Mich.App. 745, 327 N.W.2d 551, 553 (1982); *Majestic Realty Associates, Inc. v. Toti Contracting Co.*, 54 N.J. Super. 419, 149 A.2d 288, 295 (N.J.Super. Ct.App.Div.), *aff'd*, 30 N.J. 425, 153 A.2d 321, 327 (1959).

Of course, any issue of fact can become an issue of law for the court if the historical facts are undisputed and reasonable minds could not differ on the ultimate fact. Here the historical facts, the nature of the work, are undisputed, but reasonable minds could differ on whether working on an unfinished roof at a height of approximately 28 feet is work which "necessarily presents a substantial risk of damage unless adequate precautions are taken." *Smith*, 559 S.W.2d at 523. GM's counsel acknowledged at oral argument that working on an I-beam at a height of 200 feet could be inherently dangerous. The Iowa Supreme Court, one of the courts relied on

by the district court for the proposition that ordinary construction work is not inherently dangerous, has found sufficient evidence of inherent danger where a worker fell from an 80-foot roof. *Giarrantano v. Weitz Co.*, 259 Iowa 1292, 147 N.W.2d 824 (1967). In holding that the work involved in this case was not inherently dangerous, the district court stated that it would not have made any difference if the height involved had been 40 feet rather than 28. We believe a reasonable jury could find inherent danger in roof construction work at heights of 40 or 28 feet. And even if they do not, the task of drawing the line between 28 or 40 feet and 80 or 200 feet should be for the jury.

## Jury Instructions

 After summary judgment on the inherent danger doctrine, the remainder of plaintiffs' case was submitted to a jury. The court's instructions were based on Restatement of Torts 2d § 343, which defines the liability of a possessor of land to an invitee for a dangerous condition on the land.[1] As applied to an employee of an independent contractor, § 343 is referred to as the "safe workplace" doctrine, under which one who contracts with an independent contractor has a duty to provide a safe workplace for the employees of the independent contractor. *See McDonnell Aircraft Corp. v. Hartmand-Hanks-Walsh Painting Co.*, 323 S.W.2d 788, 794 (Mo. 1959); *Schneider v. Southwestern Bell Telephone Co.*, 354 S.W.2d 315, 318 (Mo.Ct. App.1962); W. Prosser, *The Law of Torts*, § 67 at 374–75 (2d ed. 1955) (cited in *McDonnell* and *Schneider*). The Missouri safe workplace cases all involve conditions that pre-existed the independent contractor's coming on the premises, conditions for which the owner of the premises was clearly responsible. *See Redman v. Earle M. Jorgenson Co.*, 491 S.W.2d 304 (Mo.1973) (en banc); *McDonnell*, 323 S.W.2d 788; *Schneider*, 354 S.W.2d 315. In this case Donovan fell from a roof under construction by the independent contractor. None of the evidence suggests that Donovan's fall had anything to do with the condition of GM's premises before the independent contractor came on those premises. Therefore, we find the safe workplace doctrine derived from Restatement § 343 to be inapposite here. The damage alleged here did not arise out of any failure by GM to provide a safe workplace but out of the manner in which the work was done by the independent contractor.

 Both parties objected to the court's reliance on § 343 of the Restatement. The parties raised two other Restatement sections: (1) § 422, which defines the liability of a possessor of land who entrusts work to an independent contractor but retains possession of the land, and (2) § 414, which

---

1. Restatement (Second) of Torts § 343 (1965) provides as follows:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The court instructed the jury as follows:

Your verdict must be for the plaintiff James Donovan and you must assess a percentage of fault to defendant if you believe:

First, that defendant is a possessor of the property in question as that term is defined herein, and

Second, that the defendant knew or by the exercise of reasonable care would discover that there was a failure to provide protection against falls from the scaffold or there was a failure to provide for the security of the scaffold and as a result the scaffold was not reasonably safe, and

Third, that defendant should have realized that said condition involved an unreasonable risk of harm to plaintiff, and

Fourth, that defendant should have expected that the plaintiff would not discover or realize the danger or would fail to protect himself against it, and

Fifth, that defendant failed to exercise reasonable care to protect plaintiff against the danger, and

Sixth, that such failure directly caused damage to plaintiff or combined with the acts of Alberici Construction Company to directly cause damage to plaintiff James Donovan.

defines the liability of one who entrusts work to an independent contractor but retains control of part of the work. We find both these sections more appropriate to this case than § 343. Restatement (Second) of Torts § 422 (1965) defines the liability of a possessor of land who entrusts work to an independent contractor and retains possession of the premises:

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land during the progress of the work, or....

We have reviewed the record below and find sufficient evidence to support an instruction under § 422 based on joint possession of the premises by GM and the independent contractor. Therefore, on the evidence introduced in the trial below, the jury should have been instructed under § 422.

Restatement (Second) of Torts § 414 (1965) defines the liability of one who entrusts work to an independent contractor but retains control of part of the work:

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

We also find sufficient evidence to support an instruction under § 414 and conclude that on the evidence introduced below, the jury should have been instructed under § 414.

We conclude that the court's instruction under Restatement § 343 and its failure to instruct under §§ 422 and 414 requires a new trial. Of course, the instructions appropriate on retrial will depend on the evidence introduced. However, if the evidence is similar to the evidence in the first trial, the court should carefully consider instructing the jury under Restatement (Second) of Torts, §§ 422 and 414 (1965).

*Evidentiary Issues*

■ Because we remand for a new trial, we deem it appropriate to address some evidentiary issues raised by plaintiffs. Plaintiffs complain that their expert was not allowed to testify about the difference between "turnkey" and "heavy" construction. The point of this testimony was to show that in construction of the type involved here, the custom and practice is for the owner to closely supervise the construction. Plaintiffs were able to make this point through other testimony. We note that on retrial this point will be relevant to the retained possession and retained control theories of Restatement §§ 422 and 414.

■ GM had a railroad siding running through this construction site and its contract with the independent contractor provided as follows:

Contractor was advised that he must coordinate his sequence of steel erection with the Owner's operation of the existing railroad siding and vehicle doors. Contractor is aware that the Owner's operation of the facilities will take precedence over steel erection.

Plaintiffs complain about the exclusion of this clause from evidence. Plaintiffs were able to get in other evidence of GM's power to stop work for trains on the siding, but on retrial the contract clause should be admitted as relevant to the issues of retained possession and control.

■ The district court instructed the jury that certain construction industry safety standards, including OSHA standards, were being admitted only on the issue of "notice." The existence and content of applicable standards should have been admitted as evidence of the standard of care due Donovan from his employer, the independent contractor. *See, e.g., Melerine v. Avondale Shipyards, Inc.,* 659

F.2d 706, 707, 713 n. 22 (5th Cir.1981); W. Prosser, *The Law of Torts*, § 36 at 200–01 (4th ed. 1971). GM can be liable for a violation of this standard of care under the doctrines of inherent danger, retained possession, or retained control.

## CONCLUSION

We reverse the grant of summary judgment on the inherent danger theory and the judgment on the jury's verdict. The case is remanded for a new trial.