## LITTLE v HOWARD JOHNSON COMPANY

Docket No. 111744. Submitted March 14, 1990, at Detroit. Decided
    May 8, 1990.

Plaintiff, Joy Little, was injured when she slipped on a walkway
    which allegedly had not been adequately cleared of ice and
    snow. The walkway was located on property on which a restau-
    rant business was being operated as a franchise of defendant,
    Howard Johnson Company. Plaintiff filed suit in the Wayne
    Circuit Court alleging defendant's liability for her injuries. The
    circuit court denied defendant's motion for summary disposi-
    tion and the case proceeded to mediation. When mediation
    indicated that the damages claimed were less than $10,000, the
    case was removed to district court for lack of circuit court
    jurisdiction. The district court granted defendant's motion for
    summary disposition after finding defendant neither directly
    nor vicariously liable for plaintiff's injuries. Plaintiff appealed
    to the circuit court. The circuit court, Michael L. Stacey, J.,
    entered an order reversing the district court's order of sum-
    mary disposition. Defendant appealed.

The Court of Appeals *held:*

1. The district court was not required to follow the circuit
    court's preremoval denial of defendant's motion for summary
    disposition.

2. Defendant was not a possessor of the premises who could
    be directly liable for plaintiff's injuries.

3. Defendant did not have the right to control the franchi-
    see's day-to-day operations and, thus, was not vicariously liable
    for plaintiff's injuries under an agency theory.

4. Plaintiff did not present a genuine issue of fact regarding
    defendant's liability under an ostensible agency theory.

5. Plaintiff's claim that defendant and the franchisee main-
    tained a joint venture was waived since it was raised for the
    first time on appeal.

Reversed.

### REFERENCES

Am Jur 2d, Courts § 154; Premises Liability §§ 4, 6, 7, 10.
See the Index to Annotations under Franchises; Premises Liability;
    Sidewalks.

1. COURTS — MOTIONS AND ORDERS — MODIFICATION OF ORDERS — DISTRICT COURTS.

A district court has the authority to modify earlier circuit court orders in cases which have been removed to the district court due to lack of jurisdiction in the circuit court.

2. NEGLIGENCE — BUSINESS INVITORS — POSSESSORS OF LAND.

The general rule in Michigan is that invitors are liable for known dangerous conditions of property and for dangerous conditions which might be discovered with reasonable care; however, an invitor's direct liability requires the presence of both possession and control over the land; a "possessor" is a person who is in occupation of the land with intent to control it.

3. AGENCY — NEGLIGENCE.

A principal generally is responsible for the negligence of his agent; the test for a principal-agent relationship is whether the principal has the right to control the agent.

4. AGENCY — VICARIOUS LIABILITY — RIGHT TO CONTROL — FRANCHISEE-FRANCHISOR.

A franchisor must have the right to control the day-to-day operations of a franchisee before such control is sufficient for the franchisee to be deemed an agent of the franchisor.

5. AGENCY — OSTENSIBLE AGENCY.

A three-part test is used to determine whether vicarious liability based on an ostensible agency exists: (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) such belief must be generated by some act or neglect of the principal sought to be charged, and (3) the third person relying on the agent's apparent authority must not be guilty of negligence.

*Goldschmid & Kozma, P.C.* (by *Robert M. Goldschmid*), for plaintiff.

*Barbier & Tolleson, P.C.* (by *Deborah A. Hebert*), for defendant.

Before: MACKENZIE, P.J., and DOCTOROFF and T. G. KAVANAGH,* JJ.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant appeals by leave granted from a circuit court opinion reversing a district court order which granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We conclude that the district court properly granted defendant's motion and accordingly reverse.

Plaintiff was injured on January 23, 1982, when she slipped on a walkway which allegedly had not been adequately cleared of ice and snow. The walkway was located on property on which a restaurant business was being operated as a franchise of defendant, Howard Johnson Company.

Plaintiff filed suit in circuit court alleging defendant's liability for her injuries. The circuit court denied defendant's subsequent motion for summary disposition pursuant to MCR 2.116(C)(10) and the case proceeded to mediation. When it was mediated at less than $10,000, the case was removed to district court for lack of circuit court jurisdiction.

In district court, defendant again moved for summary disposition pursuant to MCR 2.116(C) (10). The district court found no factual dispute and ruled as a matter of law that defendant was neither directly nor vicariously liable for plaintiff's injuries and, accordingly, granted the motion. The circuit court reversed without elaboration.

We first address the procedural question, whether the district court was required to follow the circuit court's preremoval denial of defendant's motion for summary disposition. We conclude that it was not so bound. A district court has the authority to modify a preremoval circuit court order when the case has been removed to the district court for lack of jurisdiction in the circuit court. *Huber v Frankenmuth Mutual Ins Co,* 160 Mich App 568, 572; 408 NW2d 505 (1987).

Substantively, plaintiff posited three theories under which she claimed defendant, as a franchisor, may be held liable for the injuries she sustained at the franchisee's restaurant: (1) direct liability as a "possessor" of the land, (2) vicarious liability based on agency principles, and (3) liability based on an ostensible agency theory. On appeal, plaintiff also contends that defendant may be held liable under a joint venture theory. Defendant contends that the district court properly granted its motion for summary disposition as to each theory of liability.

### DIRECT LIABILITY

The general rule in Michigan is that invitors are liable for known dangerous conditions of property and for dangerous conditions which might be discovered with reasonable care. *Merritt v Nickelson,* 407 Mich 544, 551; 287 NW2d 178 (1980). However, an invitor's direct liability requires the presence of both possession and control over the land. *Merritt, supra,* p 552; *Johnson v Davis,* 156 Mich App 550, 554; 402 NW2d 486 (1986). As relevant to this case, a "possessor" is defined as "a person who is in occupation of the land with intent to control it." *Merritt, supra,* p 552, quoting 2 Restatement Torts, 2d, § 328 E, p 170.

Defendant contends that the district court correctly determined that it did not occupy or control the restaurant premises, and thus was not a "possessor" liable for plaintiff's injuries. Plaintiff contends that defendant owned the land on which the restaurant was situated, so that a fact question existed regarding defendant's direct liability. However, title ownership of the premises is not determinative in this case and will not create an issue of material fact. It is the possessor or occupier of land, not necessarily the titleholder, who owes a

duty to invitees regarding the condition of the land. *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399; 97 NW2d 90 (1959); *Whinnen v 231 Corp,* 49 Mich App 371; 212 NW2d 297 (1973), lv den 391 Mich 787 (1974). In any event, when the district court granted summary disposition, all evidence indicated that defendant was not the owner of the land.

Plaintiff further contends that defendant should be deemed a "possessor" of the land as a result of the rights of control it retained in its franchise agreement with the restaurant's franchisee. We disagree. The franchise agreement merely provides that the franchisee "at all times will maintain the interior and exterior of the buildings and surrounding premises in a clean, orderly, and sanitary condition satisfactory to" defendant. Although the agreement provides for defendant's "right to enter upon the premises at any time for the purpose of . . . inspecting and checking merchandise, furnishings, equipment, and operating methods," the agreement does not set snow removal standards, nor does it give defendant the right to enter the land for the purpose of performing or directing snow removal. Moreover, *Merritt, supra,* suggests that although a defendant may have the right to occupy and control land, liability will attach only where that right is actually exercised. Here, even if the franchise agreement could be construed as granting defendant the right to control the restaurant's maintenance, there is no evidence that defendant exercised that right. In short, there is no issue of fact that defendant was a possessor of the premises who could be held directly liable for plaintiff's injuries.

### VICARIOUS LIABILITY

Generally, a principal is responsible for the

negligence of its agent. *Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721, 731; 315 NW2d 186 (1981), lv den 417 Mich 914 (1983). In Michigan, the test for a principal-agent relationship is whether the principal has the right to control the agent. *Avery v American Honda Motor Car Co,* 120 Mich App 222, 225; 327 NW2d 447 (1982), lv den 417 Mich 1100.49 (1983).

The threshold question here is what constitutes "control" sufficient to deem a franchisee to be an agent of a franchisor. Defendant argues that a franchisor must have the right to control the day-to-day operations of a franchisee in order to establish an agency relationship. Plaintiff, on the other hand, maintains that an agency relationship is created where the franchisor retains the right to set standards regarding the products and services offered by the franchisee, the right to regulate such items as the furnishings and advertising used by the franchisee, and the right to inspect for conformance with the agreement. We agree with defendant.

Plaintiff relies on *Van Pelt v Paull,* 6 Mich App 618; 150 NW2d 185 (1967), and *Thon v Saginaw Paint Mfg Co,* 120 Mich App 745; 327 NW2d 551 (1982). In *Van Pelt,* an agency relationship was found between the defendants (franchisor and franchisee of a dance studio) and their subfranchisee where the defendants retained the right to exercise a significant amount of control over the subfranchisee's business. Although the franchise agreement in *Van Pelt* is somewhat similar to the instant one, the *Van Pelt* defendants, unlike the defendant in this case, had substantial rights outside the agreement which enabled them to exert control over the subfranchisee's daily business operations.

In *Thon, supra,* the owner of land was found not

liable for injuries to an employee of a contractor to whom the landowner had delegated the task of performing work on the property. The plaintiff claimed that the trial court should have found as a matter of law that an agency relationship existed between the landowner and contractor. This Court determined that an agreement between the landowner and the contractor placed a sufficient degree of control on the owner so that a prima facie case of negligence on the part of the owner had been established. This Court held, however, that the trial court properly submitted the issue of agency to the jury since the agreement did not clearly place responsibility on the landowner to control the day-to-day operations of the contractor and other evidence had been presented on the issue which raised a question of fact concerning the degree of control which the owner exercised.

Although the applicability of *Thon* is limited because the details of the agreement were not discussed, the case is important in that it exemplifies this Court's use of the doctrine of retained control in vicarious liability actions involving contractors. This Court has repeatedly held that in order to establish vicarious liability in such actions, the landowner must have retained some control and direction over the actual day-to-day work. It is not enough that the owner retained mere contractual control, the right to make safety inspections, or general oversight. *Samodai v Chrysler Corp,* 178 Mich App 252, 256; 443 NW2d 391 (1989), lv den 433 Mich 875 (1989); *Perry v McLouth Steel Corp,* 154 Mich App 284, 297; 397 NW2d 284 (1986); *Erickson v Pure Oil Corp,* 72 Mich App 330, 339; 249 NW2d 411 (1976), lv den 400 Mich 859 (1977). Significantly, this interpretation of "control" is consistent with the holdings of several jurisdictions reviewing franchisor vicarious

liability claims. See, e.g., *Murphy v Holiday Inns, Inc,* 216 Va 490; 219 SE2d 874 (1975); *Coty v U S Slicing Machine Co, Inc,* 15 Ill Dec 687; 58 Ill App 3d 237; 373 NE2d 1371 (1978); *Hayman v Ramada Inn, Inc,* 86 NC App 274; 357 SE2d 394 (1987). Therefore, to determine whether defendant franchisor and the franchisee had a principal-agent relationship, we examine defendant's control of the franchisee in terms of defendant's right to take part in the day-to-day operation of the franchisee's business.

The franchise agreement in this case primarily insured the uniformity and standardization of products and services offered by a Howard Johnson restaurant. These obligations do not affect the control of daily operations. See *Bluemer, supra,* pp 405-406. Furthermore, while defendant retained the right to regulate such matters as building construction, furnishings and equipment, and advertising, it retained no power to control the details of the restaurant's day-to-day operations. Defendant had no control over hiring and firing or supervision of employees. Defendant retained no control over the daily maintenance of the premises other than to obligate the franchisee to maintain such in a "clean" and "orderly" condition. Again, the methods and details of maintenance were controlled by the franchisee. Although defendant had the right to conduct inspections, defendant's actual control was limited to the right to hold the franchisee in breach of the franchise agreement for any deviation. We conclude that plaintiff did not present a triable issue concerning defendant's right to control the day-to-day operations of the franchisee.

### OSTENSIBLE AGENCY

Defendant argues that the district court prop-

erly concluded that no genuine issue of fact existed regarding its liability under an ostensible agency theory. We agree.

This Court has adopted the following three-part test to determine whether vicarious liability based on an ostensible agency exists:

> [First] The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; [second] such belief must be generated by some act or neglect of the principal sought to be charged; [third] and the third person relying on the agent's apparent authority must not be guilty of negligence. [*Sasseen v Community Hosp Foundation,* 159 Mich App 231, 238; 406 NW2d 193 (1986), quoting *Grewe v Mt Clemens General Hosp,* 404 Mich 240, 253; 273 NW2d 429 (1978)].

Hence, the alleged principal must have made a representation that leads the plaintiff to reasonably believe that an agency existed and to suffer harm on account of a justifiable reliance thereon. *Id.* at 239-240. See also *Thomas v Checker Cab Co, Inc,* 66 Mich App 152; 238 NW2d 558 (1975), lv den 397 Mich 883 (1976).

Here, plaintiff has failed to offer any documentary evidence that she was harmed as a result of relying on the perceived fact that the franchisee was an agent of defendant. No evidence was presented which indicated that plaintiff justifiably expected that the walkway would be free of ice and snow because she believed that defendant operated the restaurant. Mere conjecture does not meet the burden of the opposing party to come forward with documentary evidence that a genuine issue of material fact exists. *McCune v Meijer, Inc,* 156 Mich App 561, 563; 402 NW2d 6 (1986).

JOINT VENTURE

Finally, plaintiff asserts that an issue of fact exists with respect to whether defendant and the franchisee maintained a joint venture. Plaintiff raises this issue for the first time on appeal. Her claim is therefore waived. *Muilenberg v The Upjohn Co,* 169 Mich App 636; 426 NW2d 767 (1988), lv den 432 Mich 890 (1989).

Reversed.