NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0163n.06

No. 23-1762

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 11, 2024
KELLY L. STEPHENS, Clerk

JILL KLEIN, deceased, by her Personal Representative, Brent Klein,

    Plaintiff-Appellant,

v.

CATERPILLAR, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: KETHLEDGE, READLER, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Jill Klein tragically died after a co-worker at Carmeuse Lime & Stone ran over her vehicle with a Caterpillar earth hauler. Klein's husband sued Caterpillar, alleging (among other things) that Caterpillar was vicariously liable for a third-party rebuild of the earth hauler before the accident. The district court granted summary judgment to Caterpillar. We affirm.

I.

In describing the facts for purposes of summary judgment, we view the record in the light most favorable to Klein. *See Sloat v. Hewlett-Packard Enter. Co.*, 18 F.4th 204, 207 (6th Cir. 2021). Carmeuse is a mining company with a quarry located in Cedarville, Michigan. Among the vehicles that Carmeuse used there was a 1994 Caterpillar 785B Off-Highway Truck—a massive earth hauler that weighs as much as 550,000 pounds when fully loaded.

By 2014, the earth hauler needed repairs. To that end, Carmeuse hired FABCO CAT—an independent dealer of Caterpillar products—to do a "Certified Rebuild" of the earth hauler. ECF

75-6, PageID 1832**.** FABCO's work-order form had a Caterpillar logo on it, and stated that the rebuild would include "all current Caterpillar Engineering Updates applicable to this truck." *Id.*, PageID 1832–33.

When FABCO performed the rebuild, it followed Caterpillar's "scope and parameters" guide. ECF No. 67-7, PageID 1023. Among other things, the guide specified the parts that FABCO needed to replace for FABCO's work to qualify as a Certified Rebuild—which (according to a FABCO employee) made the earth hauler "like a new 1994 785B with the same expected life that [it] had when it was originally sold." ECF No. 67-9, PageID 1132. That qualification also made the machine eligible for a new warranty from Caterpillar. FABCO completed its work in 2015, and Caterpillar assigned a new serial number to the earth hauler to reflect that it had been rebuilt and had a new warranty. Carmeuse then returned the machine to service at the Cedarville quarry.

For three years afterward, Carmeuse used the earth hauler without incident. In November 2018, however, Jill Klein was at the quarry, sitting in her Ford F-150, when another employee driving the rebuilt earth hauler ran over her truck—killing her instantly.

Jill's husband, Brent Klein, brought this lawsuit against Caterpillar in 2021, asserting claims for negligence (Count I) and breach-of-warranty (Count II) under Michigan law. Specifically, Klein alleged that Caterpillar should have included certain safety features—such as technology enhancing the driver's ability to see in front of the hauler—in its specifications for the 2015 rebuild. Klein later added a claim (Count III in his third amended complaint) that Caterpillar had negligently designed and manufactured the earth hauler in 1994—again, by failing to include those safety features in the vehicle.

The district court eventually granted summary judgment to Caterpillar. This appeal followed.

2

II.

A.

We first address a jurisdictional issue, arising from the district court's omission of any analysis of Count II—Klein's breach-of-warranty claim—in its dispositive orders in this case. (That omission apparently resulted from the district court's decision first to send dispositive motions for this case to the magistrate judge.) The court's omission raises the possibility that the district court does have work "left to do" in this case, *In re Jackson Masonry, LLC*, 906 F.3d 494, 498 (6th Cir. 2018); and in that event we would lack jurisdiction over this appeal.

But the district court's July 26, 2023, order "dismissed" the entirety of Klein's third amended complaint "with prejudice"—albeit, as to Count II, without explaining why. *Klein by Klein v. Caterpillar, Inc.*, No. 1:21-cv-11748, 2023 WL4760707, at *3 (E.D. Mich. July 26, 2023). That omission concerns the merits of the district court's decision, not whether the decision is final. (Klein makes no merits argument specific to Count II here.) Hence we have jurisdiction over this appeal.

B.

We review de novo the district court's grant of summary judgment to Caterpillar. *Sloat*, 18 F.4th at 207.

1.

Klein asserts that his negligence claim (Count I) presented genuine issues of fact on two grounds. First, he argues that Caterpillar voluntarily assumed a duty to rebuild the earth hauler to present-day safety standards. By way of background, under Michigan law, a manufacturer has no post-manufacture duty to repair or recall a product that was not defective when it was manufactured. *Gregory v. Cincinnati, Inc.*, 538 N.W.2d 325, 330-37 (Mich. 1995). But if a

manufacturer "voluntarily undertakes to perform an act" after manufacturing a product, it must perform that act with reasonable care. *Fultz v. Union-Com. Assocs.*, 683 N.W.2d 587, 591 (Mich. 2004).

Here, Caterpillar did nothing to assume a duty to upgrade the 1994 earth hauler to present-day safety standards. Caterpillar did not perform the rebuild of the hauler; FABCO did. And the rebuild by its terms was limited to making the earth hauler "like a new 1994 785B with the same expected life that [it] had when it was originally sold." ECF No. 67-9, PageID 1132. Klein counters that FABCO's work-order form said that the rebuild would include "all current Caterpillar Engineering Updates" applicable to the 785B. ECF 75-6, PageID 1833. But that reference undisputedly meant only that—to the extent the "like a new 1994" rebuild required the use of replacement parts—those parts would be ones built to current specifications. *See* ECF No. 75-4, PageID 1819. Klein therefore lacks evidence creating a genuine issue as to whether Caterpillar assumed a duty to upgrade the earth hauler to 2015 standards. *See Fultz*, 683 N.W.2d at 591.

Klein's second argument is that Caterpillar is vicariously liable for what Klein says was FABCO's negligence during the rebuild. Klein does not assert (or have any evidence) that the manner in which FABCO performed its work was negligent. He does not allege, for example, that FABCO left bolts untightened, or neglected to replace parts that Caterpillar's specifications for the "Certified Rebuild" required it to replace. His argument, rather, concerns the rebuild's scope: again, that FABCO should have rebuilt the hauler to 2015 standards rather than to 1994 ones.

That argument fails for two reasons. One is that neither Caterpillar nor anyone else had a duty to rebuild the earth hauler to 2015 standards, which means that (as shown above) Klein's underlying theory as to why the work was negligent is invalid. The other reason is that Caterpillar did not supervise or otherwise control the manner (in the sense of day-to-day procedures) of

4

FABCO's work on the 1994 hauler. *See Little v. Howard Johnson Co.*, 455 N.W.2d 390, 393–94 (Mich. Ct. App. 1990). What Caterpillar did do was specify the parts necessary to do a "like a new 1994" rebuild. It did not "affect control of daily operations." *Id*. at 394. And prescriptions for "uniformity and standardization of products and services" cannot support a generalized agency relationship under Michigan law that extends beyond the scope of designing the 1994 rebuild. *Id*. The district court was correct to grant summary judgment to Caterpillar on Klein's Count I negligence claim.

2.

Klein challenges the district court's dismissal of his Count III claim for negligence as untimely. That claim first appeared in Klein's third amended complaint, which he filed more than three years (the applicable limitations period) after the accident at issue here. *See* Mich. Comp. Laws § 600.5805(12); *Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995). Thus, everyone agrees, for Count III to be timely, it must relate back to the filing of Klein's second amended complaint.

An amendment "relates back" to the date of an earlier pleading when the amendment asserts a claim or defense that arose out of the same "conduct, transaction, or occurrence set out" in the earlier pleading. Fed. R. Civ. P. 15(c). Here, Klein alleged in Count III of the third amended complaint that Caterpillar had negligently designed and manufactured the earth hauler in 1994—based on its omission of certain safety features. In Count I of the earlier pleading, by contrast, Klein alleged that Caterpillar had been negligent in the 2015 rebuild—based on the same omissions. Thus, the conduct described in the two counts was similar in kind, but was separated by more than two decades. Count III therefore did not arise out of an occurrence (the rebuild) pled in Count II, but instead out of an occurrence (the original manufacture) almost a generation before.

*See U.S. ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516–19 (6th Cir. 2007). The filing of Count III thus did not relate back to the filing of Count II in the second amended complaint—which means that the district court was correct to dismiss Count III as untimely. *Id.* at 519.

## B.

Finally, Klein challenges three of the district court's discovery orders: namely, the court's denial of two of Klein's motions to compel, and the court's order granting Caterpillar's motion to exclude the testimony of both of Klein's expert witnesses, for failure to provide expert disclosures for those witnesses by the date specified in the court's scheduling order. *See* Fed. R. Civ. P. 26(a)(2)(B), (D). Having reviewed those orders, we conclude that the district court did not abuse its discretion in any of them, for the reasons stated therein. *See* ECF Nos. 45, 61, 71, 72, 87, 94; *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515–16 (6th Cir. 2022); *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219–20 (6th Cir. 2019).

\* \* \*

The district court's discovery orders and its July 26, 2023, order are affirmed.