724 F.Supp. 1580 (1989)
Michael CATALANO and Angela Catalano, Plaintiffs,
v.
BRI, INC. d/b/a El Rancho Hotel & Casino, and American Airlines, d/b/a American Airlines Tours, Jointly and Severally, Defendants.
No. 89-CV-70832-DT.
United States District Court, E.D. Michigan, S.D.
August 21, 1989.
Michael H. Perry and Mark R. Fox, Fraser Trebilcock Davis & Foster, P.C., Lansing, Mich., for plaintiffs.
Edward D. Plato, Farmington Hills, Mich., for defendant BRI, Inc., d/b/a El Rancho Hotel & Casino.
William L. Kiriazis, Detroit, Mich., for defendant American Airlines.

*1581 MEMORANDUM OPINION AND ORDER
ZATKOFF, District Judge.
Plaintiffs bring this tort action for injuries sustained while guests at defendant BRI, Inc.'s hotel (hereafter El Rancho). Plaintiffs purchased, from defendant American Airlines, a travel package to Las Vegas, Nevada, which included air and hotel accommodations and a rental car. American Airlines originally promised plaintiffs a room at the Tropicana Hotel. Subsequent to reserving the travel package, plaintiffs were informed there was no room available for them at the Tropicana but that plaintiffs could stay at the El Rancho. Plaintiffs went to Las Vegas to be married. Two hours before their scheduled wedding, plaintiff Michael Catalano was laying in the bathtub of his El Rancho hotel room when the ceiling plaster collapsed upon him, thereby causing plaintiffs' injury.
Three motions are currently before the Court: (1) defendant El Rancho's motion to dismiss for lack of personal jurisdiction; (2) defendant El Rancho's motion to join in a motion for change of venue or transfer; (3) defendant American Airline's motion for change of venue or transfer. The parties have responded to the above referenced motions. In addition, the Court has entertained oral argument. Pursuant to this Court's Order, the parties have supplemented their arguments with affidavits to support factual assertions made during oral argument. Having read the briefs and affidavits and also having considered the arguments made in open court, the Court is prepared to rule upon these motions. Each motion is addressed separately.

I. BRI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
This Court's jurisdiction over this matter is based upon diversity of citizenship. Thus, the determination of whether BRI is subject to personal jurisdiction is governed by Michigan law. Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
The Michigan long-arm statute provides that personal jurisdiction exists over any party that "transacts any business within the state." M.C.L. § 600.715(1). The Sixth Circuit recently interpreted the meaning of the Michigan long-arm statute in Lanier v. Am. Bd. of Endodontics, 843 F.2d 901 (6th Cir.1988). The Lanier Court found two requirements to finding personal jurisdiction under the long-arm statute: (1) the transaction of any business in Michigan; and (2) that the cause of action "arose out of" the business transacted in Michigan. In addition, the Lanier Court noted that a finding of personal jurisdiction under the Michigan long-arm statute cannot violate the due process requirement that the defendant have minimum contacts with the forum state. Minimum contacts are established when defendant's contact with the forum state make it reasonable to subject the defendant to trial there. E.g. Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

A. Have Plaintiffs Satisfied the Requirements of Michigan's Long-Arm Statute?

1. Has the El Rancho transacted any business in Michigan?
The Michigan Supreme Court has stated that the long-arm statute requires the transaction of any business. "The word `any' means just what it says. It includes `each' and `every.' It comprehends the `slightest.'" Sifers v. Horen, 385 Mich. 195, 188 N.W.2d 623 (1971). Relying on this language the Lanier Court held that:
if [a] defendant conducted even the slightest act of business in Michigan, the first statutory criterion for personal jurisdiction under [the Michigan long-arm statute] is satisfied.
Lanier, 843 F.2d at 906.
In the instant case, plaintiffs submit that they paid for their trip, including hotel accommodations, in Michigan and that American Airlines acted as an agent for defendant El Rancho by collecting for the hotel accommodations in advance in Michigan. *1582 Thus, plaintiffs conclude, the El Rancho transacted business in Michigan.
Defendant El Rancho responds that it did not advertise or avail itself in Michigan, as evidenced by the fact that plaintiffs believed they were purchasing a room at the Tropicana Hotel. The El Rancho submits it merely informed American Airlines that it had a room available for plaintiffs, in response to which, American Airlines purchased the room.
The Lanier definition of "transacting business" is very liberal. If American Airlines acted as an agent for the El Rancho, there is no question but that the El Rancho transacted business in Michigan. Conversely, if American Airlines overbooked the rooms it had available at the Tropicana and, in an effort to keep its customers satisfied, merely picked up the telephone and reserved and paid for a room at the El Rancho on behalf of plaintiffs, the El Rancho cannot be found to have transacted business in Michigan.[1]
The affidavit submitted by John Snyder, manager of sales development for American Airlines, undoubtedly establishes that American Airlines acted as an agent on behalf of the El Rancho. The El Rancho and American Airlines had a contractual agreement wherein the El Rancho reserved 30 mid-week rooms and 20 weekend rooms for American Airlines to use in preparing tour packages. American Airlines prepared land/air accommodation packages in four cities, none of which are located in Michigan. American Airlines does, however, maintain sales offices within Michigan that may reserve travel packages which include rooms at the El Rancho Hotel. Such reservations may be made in Michigan, on behalf of Michigan residents.
Given the fact that the El Rancho purposely retained American Airlines to act as its agent, and further considering that the El Rancho knew, or should have known, that their agent would conduct business in Michigan, this Court finds that when plaintiff reserved and paid American Airlines for his travel package in the State of Michigan, defendant El Rancho was transacting business in Michigan.

2. Did the cause of action arise from the business transacted in Michigan?
Having found that the El Rancho transacted business in Michigan, there is no question but that the cause of action arose out of the business transaction. The Sixth Circuit has held that a claim "arises from" a transaction if it was made possible by the transaction. In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 231 (6th Cir.1972); See also Lanier, 843 F.2d at 909. Clearly, the cause of action alleged by plaintiffs arose from and was made possible by the transaction of business by El Rancho. But for reserving and paying for a room at the El Rancho, plaintiff would not have been in a position to have been injured.

B. Have Plaintiffs Satisfied the Requirements of Due Process: Minimum Contacts?

The due process requirements of personal jurisdiction were recently discussed by the Supreme Court in Burger King v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985):

*1583 [T]he due process clause protects an individual's liberty interest by requiring that the court exercise jurisdiction only over defendants with "contacts, ties, or relations" with the forum state sufficient to provide them with fair warning their activities may subject them to suit there. This "fair warning" requirement has been met when a defendant "purposefully directed" his activities at residents of the forum....
Applying the Burger King standard to this case, the Court finds the El Rancho purposely directed its activities at Michigan residents and had fair warning that it would be subject to suit in this jurisdiction. The El Rancho set aside up to 30 rooms per week to be sold by American Airlines, a national air carrier that regularly services flights to and from Michigan. The El Rancho set these rooms aside in an effort to sell rooms to persons who would not otherwise stay at the El Rancho. Without question, the El Rancho gave American Airlines authority to act as its agent for the purpose of selling El Rancho hotel rooms to persons located in any area serviced by American Airlines.
For all the above stated reasons, this Court finds that defendant El Rancho Hotel is subject to this Court's jurisdiction pursuant to the Michigan long-arm statute. The Court further finds that due process is not offended by subjecting defendant El Rancho Hotel to a trial in this forum. Accordingly, the El Rancho's Motion to dismiss for lack of personal jurisdiction is DENIED.

II. DEFENDANT EL RANCHO'S MOTION TO JOIN IN AMERICAN AIRLINES' MOTION FOR CHANGE OF VENUE OR TRANSFER PURSUANT TO 28 U.S.C. § 1404
American Airlines concedes personal jurisdiction and, alternatively moves for a change of venue or transfer pursuant to 28 U.S.C. § 1404. Defendant El Rancho has moved to join in the motion for change of venue or transfer. Plaintiffs submit the El Rancho cannot join in the motion because it waived its right to a change of venue by not bringing it in their first motion. Rule 12(g) requires that motions for dismissal for improper venue and for dismissal for lack of personal jurisdiction be brought together. Failure to consolidate these motions results in a waiver of any subsequent right for dismissal due to improper venue or for lack of personal jurisdiction. Rule 12(h).
The Court may, however, find venue proper and nonetheless transfer a case based upon convenience of the parties and witnesses, 28 U.S.C. § 1404. Rule 12(g) makes no mention of a waiver of transfer based upon convenience of the parties and witnesses. The consolidation requirement of Rule 12(g) refers only to motions to dismiss for improper venue. Finding no procedural bar to preclude the El Rancho from joining in the motion to transfer, the Court GRANTS the El Rancho's motion.

III. Defendants' Motion for Change of Venue or Transfer
A transfer is warranted:
[f]or the convenience of parties and witnesses, in the interest of justice....
28 U.S.C. § 1404(a). The purposes of this statute are: (1) the prevention of waste of time, energy and money; and (2) to protect the litigants, witnesses and public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Unless the balance of conveniences is strongly in favor of the defendants, plaintiffs' choice of forum should not be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

A. Conveniences of the Witnesses

Defendants submit the only witnesses to the case who reside in Michigan are: plaintiffs; the American Airlines ticket agent who sold the package; and the physicians who treated plaintiff in Michigan. By contrast, defendants anticipate calling the following witnesses:
(1) The manager of the El Rancho;
(2) staff employees/cleaning personnel of the El Rancho;

*1584 (3) architects and contractors who performed work on the recent rennovation and repair of the hotel;
(4) maintenance and service employees of the hotel;
(5) the persons who repaired the ceiling following the accident;
(6) Las Vegas city inspectors who inspected the room where plaintiff was injured;
(7) emergency medical ambulance and hospital personnel who treated plaintiff.
All of the above witnesses reside in Nevada.
The number of prospective witnesses should not determine whether a transfer is appropriate; rather, the materiality of the anticipated testimony should be considered. Raymond E. Danto, Associates, Inc., v. Arthur D. Little, Inc., 316 F.Supp. 1350, 1357-58 (E.D.Mich.1970). Testimony via de benne esse deposition of any or all witnesses may be offered to the jury. Justice is best served, however, when the jury is permitted to view the most material witnesses. The jury may effectively assess the demeanor of witnesses only when they observe them on the witness stand and listen to their voices as they answer questions posed to them.
With this in mind, the Court notes that the majority of persons on defendants' list of witnesses shall offer testimony which is no more material than the testimony offered by the witnesses residing in Michigan. Although the testimony of repair personnel and the architect and contractor who renovated the hotel will be material, it will be no more material than the testimony of plaintiffs and plaintiff's treating physician. Considering all of the witnesses and their anticipated testimony, this Court does not find that the balancing of conveniences weighs substantially in favor of defendants.[2] Accordingly, defendants' motion for a 28 U.S.C. § 1404(a) transfer is DENIED.

CONCLUSION
For the reasons stated herein, the Court hereby DENIES defendant El Rancho's motion to dismiss; the Court further GRANTS El Rancho's motion to join in American Airlines' motion for change of venue or transfer, but DENIES defendants' motion for change of venue or transfer.
IT IS SO ORDERED.
NOTES
[1] The question of whether the El Rancho transacted business in Michigan turns on whether American Airlines was acting as an agent for the El Rancho or for the plaintiffs. If the El Rancho had a prearranged program giving American Airlines authority to reserve rooms, then, without question, American Airlines would be an agent for the El Rancho. El Rancho would transact business in Michigan whenever American Airlines solicited in Michigan a sale of a room for the El Rancho. Conversely, if there was no pre-existing relationship between American Airlines and the El Rancho, and American, on its own initiative, contacted the reservation desk at the El Rancho and reserved a room and subsequently paid for a room all on behalf of the plaintiffs, then American would be found to have transacted business in Nevada, on behalf of plaintiffs. Although the distinction is fine, it turns upon whether the El Rancho actively sought business beyond the Nevada border. Thus, traditional notions of fair play and the question of whether the defendant purposely availed itself to another jurisdiction factor into whether a defendant transacted business in the forum state. Cf. Burger King v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
[2] Defendants also argue that a view of the room is necessary for the jury to properly evaluate this case. Defendants' argument totally lacks any support and is rejected. Defendants also submit transfer is necessary because all supporting documentation is in Nevada. All documents, however, may easily be brought to Michigan for purposes of trial.