**Alan FISHER, Plaintiff,**

v.

**Allen BLACKMORE, Defendant.**

**No. CIV. 04–40004.**

United States District Court,
E.D. Michigan,
Southern Division.

July 13, 2004.

Mark C. Pierce, Pierce, Duke, Paul T. Mengel, Pierce, Duke, Bloomfield Hills, for Alan R. Fisher, Plaintiff.

George P. Butler, III, Dickinson Wright, Michael D. Socha, Dickinson Wright, Detroit, for Allen D. Blackmore, Defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. The Court will deny the motion because the Michigan long-arm statute permits the Court's exercise of personal jurisdiction over Defendant, and because such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.

## I. BACKGROUND

This matter involves a dispute regarding Tantara New England, L.L.C. ("Tantara New England"), a limited liability company formed and registered in the State of Michigan. Alan Fisher ("Plaintiff"), a Michigan citizen and a member of Tantara New England, brings this suit against Allen Blackmore ("Defendant"), a citizen of Massachusetts and an alleged member of Tantara New England. Plaintiff claims that Defendant, as a member of Tantara New England, plans to divert the customers and good will acquired by Tantara New England to another entity for Defendant's own personal benefit. Plaintiff also claims that Defendant breached the fiduciary duty owed to Tantara New England and Plaintiff, and fraudulently induced Plaintiff to invest in the company. Defendant denies his membership in Tantara New England and any wrongdoing. In the present motion, Defendant seeks dismissal of this action claiming that he has not had sufficient contacts with Michigan to be subject to the jurisdiction of a court in Michigan. This action was removed from the Circuit Court for the County of Wayne on January 8, 2004. The Court notes that subject matter jurisdiction is proper based upon diversity of citizenship. 28 U.S.C. § 1332(a).

## II. STANDARD OF REVIEW

■ Plaintiff, as the party seeking to assert personal jurisdiction, bears the burden of demonstrating that such jurisdiction exists. *MCNIC Oil & Gas Co. v. IBEX Resources Co.*, 23 F.Supp.2d 729, 732 (E.D.Mich.1998) (Gadola, J.). The standard for determining whether jurisdiction exists depends upon whether the Court holds an evidentiary hearing on the jurisdictional issue. In this case, the parties have not requested, nor has this Court conducted, such an evidentiary hearing. Consequently, Plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation and internal quotation omitted). When an evidentiary hearing is not conducted, the United States Court of Appeals for the Sixth Circuit has directed the courts "not [to] consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [to] construe the facts in a light most favorable to the non-moving party." *Id.* (citation and internal quotation omitted). Furthermore, the Sixth Circuit has characterized Plaintiff's burden of establishing jurisdiction in the absence of an evidentiary hearing as "relatively slight." *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989) (citation and internal quotation omitted).

■ Under this "relatively slight" standard, Plaintiff must demonstrate that "(1) the Michigan long-arm statute supports the Court's exercise of personal jurisdiction and (2) the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment." *Viches v. MLT, Inc.*, 127 F.Supp.2d 828, 830 (E.D.Mich.2000) (Gadola, J.). The Court

will examine both of these requirements for personal jurisdiction.

## III. ANALYSIS

 The Court will first examine whether Plaintiff has established jurisdiction under the Michigan long-arm statute. The Michigan long-arm statute states, in relevant part, that

the existence of any of the following relationships between an individual or his agent and the state *shall constitute a sufficient basis of jurisdiction* to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of *any* business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

Mich. Comp. Laws § 600.705 (emphasis added). This Court has previously noted that the standard of the Michigan long-arm statute is "extraordinarily easy to meet." *Viches*, 127 F.Supp.2d at 830 (Gadola, J.). Indeed, "[t]he phrase, 'any business within the state' has been very broadly interpreted. The term 'any' includes 'each' and 'every' and comprehends even 'the slightest' business transactions." *MCNIC Oil*, 23 F.Supp.2d at 734 (Gadola, J.) (citation omitted).

The Sixth Circuit has held that if Defendant "has conducted even the slightest act of business in Michigan," the first statutory criterion for personal jurisdiction under the Michigan long-arm statute is satisfied. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir.1988). Plaintiff claims that Defendant entered Michigan "on at least three separate occasions to conduct the business of Tantara New England." These contacts included attending meetings held at company offices in Canton, Michigan. *See* Pl. Aff. at ¶ 26. Plaintiff further asserts that "on all of these occasions," the business of the Michigan limited liability company was "extensively discussed." *Id.* Furthermore, Plaintiff claims that Defendant has signed agreements representing himself as a member of Tantara New England, and has contacted Plaintiff in Michigan on "numerous" occasions to discuss the business. Pl. Br. at 4. Therefore, under the Sixth Circuit's "slightest act of business" standard, the Court concludes that Defendant has transacted business within Michigan within the meaning of § 600.705(1) of the Michigan long-arm statute.

 Alternatively, the Court determines that jurisdiction exists under § 600.705(2) of the Michigan long-arm statute, which permits courts to exercise jurisdiction over individuals who "do[ ] or caus[e] an act to be done, or consequences to occur, in the state resulting in an action for tort." Mich. Comp. Laws § 600.705(2). In relation to Defendant's business transactions, Plaintiff claims that Defendant deliberately made false representations to Plaintiff regarding the potential profits of Tantara New England and the transfer of Defendant's customer base into the Michigan limited liability company. *See* Pl. Br. at 16. Plaintiff claims that Defendant made these misrepresentations to induce Plaintiff to enter into a business relationship with Defendant, and that such misrepresentations resulted in Plaintiff suffering significant monetary losses. *Id.* Assuming for the purposes of this motion that Plaintiff's assertions are true, the Court concludes that such acts had consequences in Michigan that resulted in this tort action. Accordingly, personal jurisdiction exists

under both § 600.705(1) and § 600.705(2) of the Michigan long-arm statute.

■ The Court must next determine whether the exercise of personal jurisdiction over Defendant comports with the Due Process Clause of the Fourteenth Amendment. As this Court has noted, "[t]he Due Process Clause requires Plaintiff[ ] to show that Defendant[ ][has] 'minimum contacts' with Michigan 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Viches,* 127 F.Supp.2d at 830–31 (Gadola, J.) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *See also McGill Tech. Ltd. v. Gourmet Techs., Inc.,* 300 F.Supp.2d 501, 504 (E.D.Mich.2004) (Gadola, J.). "Minimum contacts" exist when the defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Youn v. Track, Inc.,* 324 F.3d 409, 417 (6th Cir.2003) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Moreover, the defendant must "purposefully avail[ ] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.*

■ Under the Due Process Clause a court may exercise personal jurisdiction on either a "limited" or "general" basis. As this Court has previously noted, "[l]imited jurisdiction exists when the cause of action at issue arises out of or relates to a defendant's contacts with the forum state, even if those contacts are isolated and sporadic." *McGill,* 300 F.Supp.2d at 504–05. (Gadola, J.). General jurisdiction exists when a defendant has "substantial" or "continuous and systematic" contacts with the forum state "justifying a court's exercise of judicial authority with respect to any and all claims against the defendant; in other words, the defendant may be sub-

ject to jurisdiction even when the cause of action has no relation to the defendant's contacts with the forum state." *McGill,* 300 F.Supp.2d at 505 (Gadola, J.); *See also Youn,* 324 F.3d at 418. The Court will first examine whether limited jurisdiction exists.

■ The Sixth Circuit has established a three-part test for determining whether a court may exercise limited jurisdiction over a defendant: (1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state," (2) "the cause of action must arise from the defendant's activities there," and (3) "the acts of the defendant or consequences caused by defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Youn,* 324 F.3d at 418. The Court will examine each of these elements.

Regarding the first element, the Court determines that Defendant has purposefully availed himself of the benefits and protections of Michigan, to such an extent that he could reasonably anticipate being haled into a Michigan court. As noted previously, Defendant allegedly entered Michigan on three separate occasions to attend meetings and conduct business related to Tantara New England. On each of these occasions, the business of the Michigan limited liability company was "extensively discussed." *See* Pl. Aff. at ¶ 26. Defendant's physical presence at business meetings in Michigan demonstrates that he purposefully availed himself of the laws of Michigan.

In addition to his physical presence in Michigan, Defendant took advantage of financial benefits derived from the operation of a Michigan enterprise. As a Michigan limited liability company, Tantara New England is formed pursuant to the Michi-

gan Liability Company Act, and is therefore protected and governed by Michigan statutes and case law. *See* Mich. Comp. Laws § 450.4101 et seq.; Pl. Br. at 8. Defendant allegedly received copies of federal tax returns filed by this Michigan entity for the purposes of filing his own individual tax returns. Pl. Br. at 3.; *See* Exs. 2, 3, 4, 5. Moreover, Defendant contacted Plaintiff and allegedly requested that he be allocated a portion of Tantara New England's business losses for personal tax purposes. Pl. Br. at 3; *See* Ex. 6. Defendant's request for an apportionment of losses derived from Tantara New England demonstrates Defendant's desire to financially benefit from his membership in a business formed under Michigan law, and suggests that Defendant purposefully availed himself of the benefits of Michigan law.

 Regarding the second element, the Court concludes that Plaintiff's cause of action arises from Defendant's activities within Michigan. As the Sixth Circuit has noted, "the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts." *Youn*, 324 F.3d at 419 (citing *Third Nat'l Bank*, 882 F.2d at 1091). Plaintiff claims that Defendant deliberately made false representations to Plaintiff regarding the potential profits of Tantara New England and the transfer of Defendant's customer base into the Michigan entity. *See* Pl. Br. at 16. Plaintiff alleges that such misrepresentations were made to induce Plaintiff to enter into a business relationship with Defendant, and resulted in Plaintiff directing the transfer of a significant amount of funds from a Michigan business to Defendant. Consequently, the Court concludes that Plaintiff's cause of action is related to and connected with Defendant's contacts with Michigan.

Regarding the third element, the Court concludes that Defendant's conduct has a substantial enough connection to Michigan to make this Court's exercise of jurisdiction over Defendant reasonable and consistent with due process. As noted above, Defendant allegedly made three business visits to Michigan. In addition, Defendant allegedly entered into an agreement with Plaintiff to form and operate Tantara New England, and regularly contacted Plaintiff on matters concerning his membership in the Michigan business. *See* Exs. 6, 7. Defendant knowingly sent e-mails to the Michigan company and used an e-mail account belonging to Tantara New England. *Id.* Defendant also signed various agreements in which he represented himself as a member of Tantara New England. Pl. Br. at 4; *See* Exs. 8, 9, 10, 11. Under these alleged circumstances, Defendant's contacts with Michigan are substantial enough to make the Court's exercise of jurisdiction over Defendant reasonable and consistent with due process.

In summary, the Court concludes that it may exercise limited personal jurisdiction over Defendant under the laws of Michigan, and such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. Consequently, the Court need not address whether it may exercise general jurisdiction over Defendant.

## IV. CONCLUSION

Accordingly, it is hereby ordered that Defendant's motion to dismiss for lack of personal jurisdiction [docket entry 4] is **DENIED.**

**SO ORDERED.**